IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CLO VIRTUAL FASHION INC., § § *Plaintiff*, § § v. § § ZHEJIANG LINGDI DIGITAL § TECHNOLOGY CO., LTD. (D/B/A § LINCTEX), § § *Defendant*. | CASE NO. 2:23-CV-00274-JRG-RSP |

### REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. No. 12). After consideration, the motion should be **DENIED** for the reasons provided below.

**I.     APPLICABLE LAW**

In patent cases, personal jurisdiction closely relates to patent law, and Federal Circuit law governs the issue. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009). If the parties have not conducted jurisdictional discovery, a plaintiff need only make a *prima facie* showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id.* (quoting *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008)). Without an evidentiary hearing, the burden of establishing a *prima facie* showing of jurisdiction is on plaintiff. *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352 (Fed. Cir. 2017) (quoting *Avocent*, 552 F.3d at 1329).

Absent a controlling federal statute, a plaintiff may establish personal jurisdiction under Texas's long-arm statute, and that exercise of personal jurisdiction comports with Due Process. *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed. Cir. 2017) (quoting

1

*Autogenomics*, 566 F.3d at 1016); *see also* Fed. R. Civ. P. 4(k)(1)(a). The Texas long-arm statute authorizes the exercise of jurisdiction over non-residents "doing business" in Texas. *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing Tex. Civ. Prac. & Rem. Code § 17.042). The Texas Supreme Court has interpreted the "doing business" requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits. *Id.* (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). Thus, the two-step inquiry is actually a single federal due process analysis. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Courts may have jurisdiction over a defendant pursuant to either general or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For general jurisdiction, "[a] court may assert general jurisdiction over [non-resident defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id*. The defendant's contacts with the forum state are evaluated "over a reasonable number of years" up to the date the lawsuit was filed and are to be reviewed in total rather than in isolation from one another. *Johnston*, 523 F.3d at 610. When general jurisdiction exists, the forum state may exercise jurisdiction over the defendant on any matter, even if the matter is unrelated to the defendant's contacts with the forum. *Id.* at 613.

In determining whether a court's exercise of specific jurisdiction over a non-resident defendant comports with constitutional due process requirements, the Fifth Circuit directs courts to consider "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.' " *Xilinx*, 848 F.3d at

1353 (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)). If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985). Rather, the specific jurisdiction inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *NexLearn*, 859 F.3d at 1375 (quoting *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014)). Contacts that are "random, fortuitous, or attenuated" do not satisfy the minimum contacts requirement. *Burger King,* 471 U.S. at 475.

If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable. *Id*. at 477. In determining whether the exercise of jurisdiction is fair and reasonable, the court must balance: (1) the burden on the nonresident defendant of having to defend itself in the forum, (2) the interests of the forum state in the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering fundamental social policies. *Id.* at 477.

Personal jurisdiction may also exist under Federal Rule of Civil Procedure 4(k)(2), which provides, "[f]or a claim that arises under federal law, serving a summons ... establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2); *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 999 (Fed. Cir. 2018) (quoting *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Come de Equip. Medico*, 563 F.3d 1285, 1293–94 (Fed. Cir. 2009)). In analyzing Rule 4(k)(2), a court must consider whether "(1) defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of

personal jurisdiction is reasonable and fair." *M-I Drilling Fluids*, 890 F.3d at 999 (citing *Synthes*, 563 F.3d at 1293–94). The three-step due process analysis under specific jurisdiction and Rule 4(k)(2) are similar; however, Rule 4(k)(2) "contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits." *Id.* (quoting *Synthes*, 563 F.3d at 1295).

## II.     ANALYSIS

Linctex argues that there is no personal jurisdiction over it in this or any other court in the nation and thus dismissal is warranted.

CLO argues that the Court has personal jurisdiction under Rule 4(k)(2). The Parties agree that the claims arise under federal law, Linctex waived service (Dkt. No. 6), and Linctex "is not subject to jurisdiction in any state's court of general jurisdiction." As such, it is only a question whether "exercising jurisdiction is consistent with the United States Constitution and laws."

CLO contends Linctex's contacts with the United States as a whole satisfy due process. First, CLO contends that Linctex purposefully directs infringing activities at the United States. CLO contends Linctex sells and promotes the accused product via linctex.com and related websites providing downloads, tutorials, and other related postings. CLO contends these websites specifically identify the United States for sales and support services. CLO further contends Linctex directs other activities at the United States. CLO contends Linctex distributes the infringing product through a location in the United States, has a subsidiary in Albany, NY to process related user data, has sent representatives to tradeshows in California and New York, partners with US companies, and employs relevant individuals in New York, Ohio, and Florida. CLO contends this demonstrates Linctex's contacts relate to the commercialization of the accused product sufficiently to establish specific jurisdiction in the U.S. and this district.

For the last element, CLO contends each factor is either neutral or disfavors dismissal. CLO contends Linctex's burden of defending itself in this jurisdiction is modest. CLO contends that advances in communications and transportation mitigate any burden. Under the next three factors, CLO contends that as a matter of law they favor the Court having jurisdiction. CLO contends the enforcement of federal patent laws and providing CLO a forum to effectively pursue its claim satisfy these factors. CLO argues that the fifth factor also favors jurisdiction as a matter of law as both Texas and the United States have an interest in discouraging patent infringement. CLO also contends Linctex is incorrect that there are other available forums, such as China. CLO contends it cannot seek relief for US patents in China.

Linctex contends CLO's 4(k)(2) contentions are conclusory and fail to establish jurisdiction is appropriate. Linctex contends that CLO failed to plead with specificity that the accused product was used in the United States or that there are any users in the United States. Linctex further contends it has not purposefully directed its activities to the United States. Linctex contends CLO's identification of its website only demonstrates the possibility of doing business in the United States and the cited trade shows and employees are too isolated to support jurisdiction. As to the business partnerships, Linctex contends CLO has not shown these global partnerships are directed to the United States. Linctex argues that its United States subsidiary is a separate entity and CLO has not shown that the subsidiary distributes the accused product or how the processing of user data infringes. Linctex also argues CLO's contentions are too vague to support the notion that CLO's claim of infringement arises out of these connections to the United States.

Linctex also contends personal jurisdiction would be unreasonable and unfair. Linctex argues that it would be burdened by having to defend itself here with so few contacts when its

principal place of business is in China. Linctex contends Texas has no interest in this action as neither party is a Texas entity or conducts business in Texas.

The Court agrees with CLO that personal jurisdiction is appropriate under Rule 4(k)(2). Based on the parties' agreement, the only issue is whether "exercising jurisdiction is consistent with the United States Constitution and laws." The Court finds that it is. Linctex has directed the sale and use of the accused product from which the claims of infringement arise to residents of the United States. CLO has shown that Linctex's website is directed to servicing United States residents in the use and purchase of the accused product. This, in combination with the presence of Linctex employees, participation in recent United States trade conferences, and a United States subsidiary to service the users of the accused product in the United States, demonstrates that Linctex purposefully directs infringing conduct to the United States. While individually each of these pieces of evidence may not demonstrate sufficient conduct directed to the United States, as a whole they demonstrate significant efforts directed to the United States. For instance, a United States subsidiary that does not support infringement is not on its own evidence for this showing, but here the subsidiary's business supports the parent's allegedly infringing business, demonstrating the parent directs such business to the United States.

As CLO has established that Linctex directs infringing activity to the United States, it is now Linctex's burden to show the exercise of personal jurisdiction would be unfair. *See Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1351 (Fed. Cir. 2003). The Court finds that Linctex has not shown that this is one of the rare circumstances where the exercise of personal jurisdiction would be unfair. While China is certainly a great distance from the United States and this Court, Linctex has made no specific showing as to how this would create a significant burden. Linctex has United States counsel and business is readily conducted across the Pacific thanks to advances in

communication and transportation technology. Likewise, "both Texas and the United States have an interest in enforcing federal patent laws and providing a forum for [Plaintiff] to efficiently pursue and resolve its patent infringement claims. [] The fifth factor also supports jurisdiction because Texas and the United States have an interest in discouraging patent infringement." *AX Wireless LLC v. Lenovo Grp. Ltd.*, No. 2:22-CV-00280-RWS-RSP, 2023 WL 7105701, at *5 (E.D. Tex. Sept. 6, 2023) (internal citation removed). As such no factor supports a finding that the exercise of personal jurisdiction is unfair.

### III. CONCLUSION

The Court therefore recommends Linctex's Motion be **DENIED** for the reasons provided above.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 27th day of August, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE