IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CLO VIRTUAL FASHION INC., | § § § | |
| *Plaintiff*, | § | |
| v. | § § | Case No. 2:23-cv-00274-JRG-RSP |
| ZHEJIANG LINGDI DIGITAL TECHNOLOGY CO., LTD. (D/B/A LINCTEX), | § § § § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Strike Defendant's Answer, filed by Plaintiff CLO Virtual Fashion Inc. Ltd.. **Dkt. No. 79**. For the reasons discussed below, the Motion is **GRANTED only in PART**.

### I. BACKGROUND

On June 14, 2023, Plaintiff CLO filed suit against Defendant Linctex asserting that it infringes several of its patents: U.S. Patent Nos. 10,733,773; 11,410,355; and 11,222,448. Dkt. No.1 at 2.

On October 20, 2023, Defendant responded to the Plaintiff's Complaint by filing a Motion to Dismiss for Lack of Jurisdiction. Dkt. No. 12. On August 28, 2024, the Court issued a Report and Recommendation on the Motion, recommending that it be denied. Dkt. No. 62. On September 16, 2024, the R&R was adopted, and Defendant's Motion was denied. Dkt. No. 66. Following this, in conformity with Federal Rule of Civil Procedure 12(a)(4)(A), Defendant had 14 days to file a responsive pleading to the Complaint. FED. R. CIV. P. 12(a)(4)(A). It did not do so.

Eventually, Defendant filed an Answer to the Complaint on October 29, 2024—29 days after the September 30, 2024 deadline—and did so without seeking leave of the Court. Dkt. No.

70. At the time of the filing, discovery was nearing its close. Dkt. No. 74 at 3. The deadline to complete fact discovery was November 22, 2024; the deadline to complete expert discovery was December 27, 2024.

On November 11, 2024, Plaintiff filed the instant Motion seeking to strike Defendant's Answer. Dkt. No. 79 at 1; Dkt. No. 90 at 1. Briefing is now complete.

## II.   APPLICABLE LAW

Rule 12(a)(4) provides "if the court denies [a Rule 12] motion or postpones its disposition until trial, [a] responsive pleading must be served within 14 days after notice of the court's action." FED. R. CIV. P. 12(a)(4). If a party serves its responsive pleading outside the fourteen-day deadline, the party must seek leave of the court by filing a formal motion. *iFLY Holdings LLC v. Indoor Skydiving Germany Gmbh*, 2016 WL 3675135, * 1 (E.D. Tex. March 14, 2016) (citing FED. R. CIV. P. 6(b)). If it does not do so, then Rule 6(b) provides that a court may nonetheless extend time limits where there is "good cause" and a "party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The permissive language of Rule 6(b) shows that any grant of an extension of the time for performing an act falls within the district court's discretion. *McCarty v. Thaler*, 376 Fed.Appx. 442, 443 (5th Cir. 2010) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (reviewing court's denial of an extension of time under Rule 6(b) for abuse of discretion)). "Excusable neglect" is an "elastic concept," and the determination of what is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *McCarty*, 376 Fed.Appx. at 444 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392, 395 (1993)). In evaluating a party's claim of excusable neglect, the district court may consider the danger of prejudice, the length and impact of the delay, the reason for the delay, and the untimely party's good faith. *DaSilva v. U.S.*

*Citizenship & Immigration Servs.*, 599 Fed.Appx. 535, 544 (5th Cir. 2014).

### III.   ANALYSIS

#### A.  What is the Relevant Law?

As a preliminary matter, Defendant argues that this Court's well-known four-factor test is used in assessing whether to strike an untimely answer. Dkt. No. 87 at 11 (citing *Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, No. 2:18-CV-00014-JRG-RSP, 2019 WL 5700797, at *1 (E.D. Tex. Apr. 17, 2019)). Those four factors are "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Id.* (citing *Plastronics Socket Partners*, No. 2:18-CV-00014-JRG-RSP, 2019 WL 5700797, at *1 (citing *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015))).

Defendant is incorrect. While this Court does indeed use the four-factor test to assess a variety of untimely filings (*see e.g. Multimedia Techs. Pte. Ltd. v. LG Elecs. Inc.*, No. 2:22-CV-00494-JRG-RSP, 2025 WL 317300, at *3 (E.D. Tex. Jan. 28, 2025) (assessing an untimely disclosure); *see also Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, 2019 WL 5700797, at *1 (E.D. Tex. Apr. 17, 2019) (assessing an untimely *amendment* to an answer)), an untimely *answer* is not one of them. The Fifth Circuit has made clear that the correct analysis for evaluating whether there was excusable neglect is in line with the discussion in Section II above.

#### B.  Was Defendant's Neglect Excusable?

In the Motion, Plaintiff moves to strike Defendant's answer because of its untimeliness and the prejudice this delay caused them. *See generally* Dkt. No. 79. They argue that the 29-day delay[1] has greatly impacted its ability to respond to Linctex's affirmative defenses and counterclaims

---

[1] Plaintiff claims that Defendant missed the filing deadline by "over 6 weeks." Dkt. No. 79 at 3. That fails to account for the 14 days allowed to respond. As discussed in Section I above, the correct number is 29 days.

3

since they "did not have the benefit of Defendant's Answer through . . . the vast majority of discovery." Dkt. No. 90 at 2. They further argue that Defendant's late filing was not in good faith because it is "seemingly part of its broader strategy to delay." *Id.* at 4.

In response, Defendant argues that its failure to file the answer to Plaintiff's Complaint on time was due to a mistake. *See generally* Dkt. No. 87. It asserts that counsel neglected to calendar the Court's Order Adopting (Dkt. No. 66), which began the 14-day countdown to file the Answer, and that counsel was thus unaware of the upcoming deadline. *Id.* at 13 (citing Dkt. No. 87-1 at ¶7). It contends that this error was a good faith mistake and was not done as a dilatory tactic. *See id.* at 20.

Defendant also argues that Plaintiff has suffered no prejudice because it was ostensibly already aware of everything that would later appear in the Answer. *Id.* at 17. Defendant contends that the Response to Interrogatory No. 5, Invalidity Contentions, and July 11, 2024 Letter to CLO had already apprised Plaintiff of the defenses and counterclaims. *Id.* at 17-18.

In reply, Plaintiff argues that Defendant's late filing is not in good faith because "[f]or a sophisticated law firm … in an age of electronic calendars and automated reminders, it is hard to fathom how it took Defendant's team of attorneys and support staff *that long* to notice their mistake." Dkt. No. 90 at 3 (emphasis in original).

Plaintiff further argues that it is "significantly prejudiced by Defendant's late Answer" because the "length of delay and the proximity to the close of fact discovery" meant that "CLO was effectively blocked from pursuing written discovery regarding Defendant's [defenses] and Counterclaims." Dkt. No. 90 at 5. Regarding Interrogatory No. 5, Plaintiff asserts that Defendant's response was "boilerplate" and merely stated that Plaintiff failed to meet its burden to show that any accused instrumentality meets each of the claimed limitations, followed by a list of nearly

4

every limitation. *Id.* at 2 (citing Dkt. No. 87-3 at 14-16). By contrast, Defendant's Answer articulated specific non-infringement arguments related to only one limitation of the '448 Patent, two for the '773 Patent, and three for the '355 Patent. *Id.* (citing Dkt. No. 70 at 13-23). As to the Invalidity Contentions, Plaintiff offers little analysis. *See id.* Finally, with respect to the July 11, 2024 Letter, Plaintiff asserts that "not all of the non-infringement positions in the Counterclaims are in the July 11 letter. For example, the July 11 letter only identified one allegedly missing element for the '773 Patent instead of two in the Counterclaims and two for the '355 Patent instead of three in the Counterclaims." *Id.* at n.2 (citing Dkt. No. 87-2 at 1-3).

In sur-reply, Defendant largely reiterates its previously asserted points, but also points out that the July 11, 2024 Letter states the non-infringement theory for the '448 Patent, which later appeared in the Answer. Dkt. No. 94 at 2 (citing Dkt. No. 87-2 at 3-5).

As discussed above, Defendant received notice that the Court had denied its Motion to Dismiss for Lack of Jurisdiction on September 16, 2024, but did not file a responsive pleading until October 29, 2024, which was 29 days late. Further, Defendant did so without seeking leave of the Court.

The Court finds that Defendant's neglect to file an answer, for nearly a month at a very late stage in the case, is not fully excusable by a mere clerical error. The failure to calendar the deadline is compounded by the decision not to seek leave to file the Answer once the mistake was discovered. However, striking the Answer entirely and leaving Defendant in a default position is a remedy that exceeds the prejudice caused by the Defendant's wrongful act. On the other hand, denying this motion entirely leaves Defendant unaccountable for its failure to comply with this (and other) deadlines in this action.

Declaratory judgment is a discretionary remedy, as is made clear in the statute. *See* 28

U.S.C. § 2201 ("any court of the United States … *may* declare"). It is also an equitable remedy and may be withheld from a party which has not acted equitably. 10B Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 2759 at 506. The counterclaims asserted by Defendant here merely seek declarations of non-infringement (Counts 1,3 and 5) and invalidity of each of the three patents (Counts 2,4 and 6). The extreme lateness of their assertion caused procedural prejudice and distraction from the many essential tasks so late in the pretrial process. The proper and fitting remedy is to remove whatever advantage the late-filed counterclaims may provide and to spare the Plaintiff from the burden of opposing them.

Accordingly, each of the six counterclaims asserted in Defendant's Answer are hereby **STRICKEN**. The Motion (Dkt. No. 79) is otherwise denied.

**SIGNED this 31st day of March, 2025.**

_____<br>
ROY S. PAYNE<br>
UNITED STATES MAGISTRATE JUDGE