# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CLO VIRTUAL FASHION INC., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> ZHEJIANG LINGDI DIGITAL § <br> TECHNOLOGY CO., LTD. (D/B/A § <br> LINCTEX), § <br> § <br> *Defendant*. § | Case No. 2:23-cv-00274-JRG-RSP |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment of Ineligibility pursuant to 35 U.S.C. § 101, filed by Defendant Linctex. **Dkt. No. 104**. For the reasons discussed below, the Motion should be **DENIED**.

## I. BACKGROUND

Plaintiff CLO asserts that Defendant infringes three of its patents: U.S. Patent Nos. 10,733,773; 11,410,355; and 11,222,448. Dkt. No.1 at 2. On December 30, 2024, Defendants filed the instant Motion for Summary Judgment which argues that all asserted claims of all asserted patents are invalid.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the

mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

**B. Subject Matter Eligibility**

Anyone who "invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" may obtain a patent. 35 U.S.C. § 101. Since patent protection does not extend to claims that monopolize the "building blocks of human ingenuity," claims directed to laws of nature, natural phenomena, and abstract ideas are not patent eligible. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). The Supreme Court therefore instructs courts to distinguish between claims that set forth patent ineligible subject matter and those that "integrate the building blocks into something more." *Id.* at 217.

Courts use a two-step framework for analyzing whether claims at issue claim patent-eligible subject matter. *Id.* at 217–18; *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016). First, courts "determine whether the claims at issue are directed to a patent-ineligible

concept." *Id*. (quoting *Alice*, 573 U.S. at 217 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 77–78 (2012))). In doing so, the court must be wary not to over generalize the invention, as "all inventions . . . embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Alice*, 573 U.S. at 217 (quoting *Mayo*, 566 U.S. at 71) (ellipsis in *Alice*).

"If this threshold determination is met, [courts] move to the second step of the inquiry and 'consider the elements of each claim, both individually and "as an ordered combination" to determine whether the additional elements "transform the nature of the claim" into a patent-eligible application.'" *Enfish*, 822 F.3d at 1334 (quoting *Alice*, 573 U.S. at 217 (quoting *Mayo*, 566 U.S. at 79)). A claimed invention is patent-eligible at *Alice* Step Two when the claim limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014) (quoting *Alice*, 573 U.S. at 225) (quoting *Mayo*, 566 U.S. at 73 (internal quotation marks and brackets omitted)).

Patent eligibility is a question of law, based on underlying facts. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018), *cert. denied,* 139 S. Ct. 2747 (2019), *reh'g denied,* No. 18-1199, 2019 WL 3976449 (Aug. 23, 2019). Whether the claim elements or combination are well-understood, routine, and conventional is a question of fact. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018).

### III.   ANALYSIS

Defendants move for summary judgment that all asserted claims of all asserted patents are invalid for being directed to ineligible subject matter under 35 U.S.C. § 101. *See generally* Dkt. No. 104. As a preliminary matter, Defendants bear the burden of proving an invalidity defense.

3

This is because all issued patents are presumed valid, and it is the burden of the party asserting invalidity to establish such invalidity. 35 U.S.C. § 282(a). Accordingly, Defendants must show all essential elements on the issue here to warrant summary judgment in their favor.

### A. Group 1: the '448 Patent

Defendant asserts that claims 1-10 and 12-20 of the '448 Patent are invalid. Dkt. No. 104 at 1. In furtherance of their argument, they point to independent claim 1, which they contend is representative. *Id.* at 4.

Independent claim 1 of the '448 Patent recites:

> **1.** A method of taking a measurement of a two-dimensional (2D) pattern, comprising:
>
> receiving a plurality of points in a space in which a 2D pattern of clothing is displayed;
> determining attributes of areas in which the points are located, wherein the attributes indicate at least whether the points are located in a same pattern piece of the clothing or different pattern pieces of the clothing;
> determining a length of a line segment using the points based on the determined attributes of the areas, the determined length of the line segment changed to account for separation between the pattern pieces responsive to determining that the points are located in different pattern pieces; and
> outputting the length of the line segment.

'448 Patent at 17: 58-67 – 18: 1-5.

#### 1. *Alice* Step 1

Defendant contends that the '448 Patent embodies an abstract idea because it entails "making a measurement across two pattern pieces," but that it specifies no tools for doing so other than a computer. Dkt. No. 104 at 1, 5. They argue that: (1) "[d]etermining attributes to indicate whether the points are located in a same pattern piece or a different pattern piece could just as well describe a manual process where the user looks at the points to figure out if the points lie within a single pattern piece or not"; (2) "[d]etermining a length could be done using a ruler or tape measure, or even just by comparison with any reference tool for length;" and (3) "[o]utputting the

length is also broad and abstract – a user could simply write down the result." *Id.* at 5. In effect, Defendant argues that the claims recite such basic, fundamental activities (that, for example, a tailor could do by hand), that they are abstract by virtue of preempting all such acts within the clothing manufacturing industry. *See id.* at 5-6; *see also* Dkt. No. 138 at 3-4.

Plaintiff counters Defendant's arguments by first pointing out that Defendant, in coming to its conclusion, ignores large sections of claim 1's language. Dkt. No. 125 at 15-16. Plaintiff then argues that claim 1, when read in full, "focus[es] on solutions to computer-specific problems—how to quickly and efficiently take accurate measurements between two points in three-dimensional (3D) virtual clothing on two-dimensional (2D) patterns that accounts for space between patterns, the effects of gravity, material properties, and physical laws of the fabric on the polygons of mesh forming the virtual clothing," and that such improvements to technology itself are patentable. *Id.* at 13, 17-18 (citing *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299 (Fed. Cir. 2016)).

Defendant misapprehends the '448 Patent. As to Plaintiff's first argument regarding Defendant's ignoring large sections of claim 1, the Court agrees. Reading claims in the overly abstract way that Defendant did is squarely addressed in the Federal Circuit's *Enfish* decision: "describing . . . claims at such a high level of abstraction and *untethered from the language of the claims* all but ensures that the exceptions to § 101 swallow the rule." *Enfish*, 822 F.3d at 1337 (emphasis added) (internal citations omitted). Accordingly, we assess claim 1 by reading it in its entirety, and do so within the context of the '448 Patent's specification.

As seen from the claim language on page 4 above, and confirmed by the '448 Patent's specification, claim 1 is concerned with a *computer* method for determining the distance between two points either on the same piece of *virtual* fabric or on separate pieces of *virtual* fabric. *See e.g.*

5

'448 Patent at 1: 22-25, 29-47. The Court finds that this is not directed to an abstract idea, but instead—as Plaintiff asserts—is an improvement to a specific computer technology.

If the '448 Patent did nothing more than replace the human hand with a computer for measuring a length of fabric, then it *might* be directed to an abstract idea. This is because fundamental and conventional activities within a given field are often found to be abstract (*OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015) (collecting cases)), and computerizing these activities does not change this (*See McRO*, 837 F.3d at 1314; *see also Ficep Corp. v. Peddinghaus Corp.*, No. 2022-1590, 2023 WL 5346043, at *4 (Fed. Cir. Aug. 21, 2023), *cert. denied*, 144 S. Ct. 1115, 218 L. Ed. 2d 352 (2024)). But this is not the case with the '448 Patent.

Not only is the '448 Patent directed to a virtual environment, but it is further concerned with *solutions to problems within this virtual environment*. As plainly laid out in the specification, the Patent addresses issues with accurately measuring lengths on virtual fabrics that may be stretched and the like due to various effects such as (simulated) gravity. *See e.g.* '448 Patent at 1: 29-47. There is no real-world analog to this: while a tailor could presumably account for these issues in a real-world situation, how could she measure a length of fabric that does not (corporeally) exist? The claims of the '448 Patent, by contrast, use computer data structures and algorithms to conduct such measurements.

These types of specific solutions to computer problems, captured in specific steps, are not abstract concepts. *See generally McRO*, 837 F.3d 1299. Accordingly, the Court finds that claim 1 of the '448 Patent is not directed to an abstract idea. Because Defendant offers no different arguments for the other asserted claims of the '448 Patent (*see* Dkt. No. 104 at 8-10), the Court finds that they are also not directed to an abstract idea.

### 2. *Alice* Step 2

Because the Court finds that the '448 Patent's asserted claims are not directed to an abstract idea, we do not reach the issue of *Alice* step 2. *See Mortgage Grader, Inc. v. First Choice Loan Servs. Inc.*, No. 2015-1415, 2016 WL 362415, at *6 (Fed. Cir. Jan. 20, 2016) ("[C]ourts must determine if the claims at issue are directed to a patent-ineligible concept. If not, the inquiry ends, as the claims are patent-eligible.") (citation omitted).

### B. Group 2: the '773 and '355 Patents

#### 1. The '773 Patent

Defendant asserts that claims 1-11 of the '773 Patent are invalid. Dkt. No. 104 at 1. In furtherance of its argument, it points to independent claim 1, which it claims is representative. *Id.* at 10.

Independent claim 1 recites:

1. A method of creating digital clothing executable by a computing device storing patterns and draped digital clothing, the method comprising:

setting a first selected segment by inputting the first selected segment to be sewn on a first segment on a pattern; and
setting a second selected segment, comprising
    inputting a starting point of the second selected segment on a second segment,
wherein the second selected segment is sewn to the first selected segment,
    detecting a current cursor position,
    displaying a point on the second segment as a candidate ending point of the second selected segment to make a length of the second selected segment substantially equal to a length of the first selected segment,
    connecting the starting point to a present point on the second selected segment closest in distance to the current cursor position to form a line based on a difference between the current cursor position and the present point being less than a first reference value,
    moving the present point to the candidate ending point, in response to the difference between the present point and the candidate ending point being less than a second reference value,
    displaying a difference value between the length of the first selected segment and a length of the line,
    selecting the present point as an ending point of the second selected segment, in response

>> to a user input, and
> setting, as the second selected segment, a section of the second segment between the starting point and the ending point.

'773 Patent at 14: 40-67 – 15: 1-6.

### a. *Alice* Step 1

Defendant contends that the '773 Patent embodies an abstract idea because "it describes nothing more than the process of selecting a second segment to make it the substantially the same length as the first segment, something a user has manually done for ages by using simple tools such as a tape measure or ruler, which provides a visual display of the length." Dkt. No. 104 at 12.

As with the '448 Patent, Defendant misapprehends the '773 Patent by failing to take account of the fact that it is concerned with virtual clothing in a virtual environment, and is concerned with solutions to problems in this virtual environment. As laid out in the specification, the Patent addresses issues with accurately aligning sewn-together portions of digital patterns to avoid (or deliberately create) wrinkles, bunching, and other imperfections. *See e.g.* '773 Patent at 1: 20-56; *see also* '773 Patent at 6: 9-19. As before, there is no real-world analog to this: how could a tailor sew together two lengths of fabric that do not (corporeally) exist? The claims of the '773 Patent, by contrast, use computer data structures and algorithms to conduct such virtual actions.

These types of specific solutions to computer problems, captured in specific steps, are not abstract concepts. *See generally McRO*, 837 F.3d 1299. Accordingly, the Court finds that claim 1 of the '773 Patent is not directed to an abstract idea. Because Defendant offers no different arguments for the other asserted claims of the '773 Patent (s*ee* Dkt. No. 104 at 15-16), the Court finds that they are also not directed to an abstract idea.

### b. *Alice* Step 2

Because the Court finds that the '773 Patent's asserted claims are not directed to an abstract idea, we do not reach the issue of *Alice* step 2. *See Mortgage Grader, Inc. v. First Choice Loan Servs. Inc.*, No. 2015-1415, 2016 WL 362415, at *6 (Fed. Cir. Jan. 20, 2016) ("[C]ourts must determine if the claims at issue are directed to a patent-ineligible concept. If not, the inquiry ends, as the claims are patent-eligible.") (citation omitted).

2. **The '355 Patent**

### a. *Alice* Step 1

Defendant asserts that claims 1-9 of the '355 Patent are invalid. Dkt. No. 104 at 1. The '773 Patent and '355 Patent share the same specification (*see* '773 Patent; *compare* '355 Patent) and Defendant's arguments for why the latter is invalid mirror its arguments for the former. *See* Dkt. No. 104 at 16-17.

Accordingly, for the reasons discussed in Section III.B.1 above, the Court finds that the claims of the '355 Patent are not directed to an abstract idea.

### b. *Alice* Step 2

Likewise, because the Court finds that the '355 Patent's asserted claims are not directed to an abstract idea, we do not reach the issue of *Alice* step 2. *See Mortgage Grader, Inc. v. First Choice Loan Servs. Inc.*, No. 2015-1415, 2016 WL 362415, at *6 (Fed. Cir. Jan. 20, 2016) ("[C]ourts must determine if the claims at issue are directed to a patent-ineligible concept. If not, the inquiry ends, as the claims are patent-eligible.") (citation omitted).

## IV. CONCLUSION

For the reasons discussed above, the Court recommends the motion be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 7th day of April, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE