# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CLO VIRTUAL FASHION INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 2:23-cv-00274-JRG-RSP |
| ZHEJIANG LINGDI DIGITAL TECHNOLOGY CO., LTD. (D/B/A LINCTEX), | § § § | |
| | § | |
| Defendant. | § § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Exclude Certain Opinions of Defendant's Expert Ron Schnell, filed by Plaintiff CLO. **Dkt. No. 106**. For the reasons discussed below, the Motion is **DENIED**.

### I. BACKGROUND

Plaintiff CLO asserts that Defendant infringes three of its patents: U.S. Patent Nos. 10,733,773; 11,410,355; and 11,222,448. Dkt. No.1 at 2. On December 31, 2024, Defendant filed the instant Motion to Strike, arguing that the report of Defendant's software expert, Mr. Ron Schnell, should be excluded in its entirety for a variety of reasons.

On April 25, 2025, Plaintiff filed an unopposed motion to file a supplemental brief in support of their Motion to Strike Mr. Schnell. Dkt. No. 246.

Following oral argument at a May 23, 2025 hearing, and a review of the relevant filings, the Court permitted both Parties to both file supplemental briefs on the instant Motion (Dkt. No. 280) in view Plaintiff's decision to no longer pursue lost profits, and the Court's ruling on the Motion *in limine* on non-infringing alternatives (Dkt. No. 229).

## II.     APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law)

("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

Despite the above, however, "[e]ven if testimony is reliable, it may still be excluded if it relies on information that violates the [Federal] [R]ules [of Civil Procedure]." *Estech Sys. IP, LLC v. Carvana LLC*, 2023 WL 3292881, at *2 (E.D. Tex. May 5, 2023).

### III. ANALYSIS

**A. Original Briefing**

Plaintiff moves the Court to strike the report of Defendant's software expert, Mr. Ron Schnell. The Court, having read the entirety of the report, concludes that it is exclusively concerned with the cracked versions of Plaintiff's software

Defendant's original arguments supporting the report's relevance were that it is concerned with "non-infringing alternatives" which go towards "lost profits damages." Dkt. No. 127 at 1; *see also id.* at 5-7, 9.

It is well-established that an instrumentality accused of infringement cannot be used as a non-infringing alternative. *See*, *e.g.*, *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1340 (Fed. Cir. 2015); *Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211, 1222 (Fed. Cir. 1995); *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 824–25 (Fed. Cir. 1989). Thus, CLO's software, whether cracked or not, cannot be used as a non-infringing alternative. It further has no relevance regarding lost profits since Plaintiff is no longer asserting a lost profits damages theory.

This does not, however, end the inquiry; there are still the Parties' arguments in their supplemental briefing to consider.

### B.  Supplemental Briefing

In the supplemental briefing, Plaintiff argues that Mr. Schnell's report is no longer relevant because it is only in service to issues that are no longer in the case (namely, in line with their original briefing, lost profits and NIAs). Dkt. No. 270 at 1-4.

Defendant responds to this first point by arguing that "nowhere in the parties' prior briefing did Linctex affirmatively represent that Mr. Schnell's report is *not relevant* to any *other issues* in the case" (Dkt. No. 285 at 5 (emphasis in original)) and that it is still relevant to copying and willfulness.

On this first issue, the Court agrees with Defendant. Even though Defendant supported the relevance of the report relying on issues that are no longer in the case (lost profits and NIAs), this was done in response to the arguments in Plaintiff's original motion which focused on those issues. Given the changes in Plaintiff's case, Defendant may now make additional relevance arguments.

Plaintiff argues that Defendant's new arguments are not timely because "following the Court's request for guidance from the parties as to whether [the instant Motion to Strike Schnell] still require[d] resolution, Defendant argued — for the *first time* and without *any* basis in the record

— that 'Mr. Schnell's opinions are highly pertinent to CLO's allegations of copying and willfulness.'" Dkt. No. 270 at 4 (quoting Dkt. No. 246-4). Plaintiff asserts that "this is yet another change in position by Defendant, and should be rejected." However, the Court permitted this supplementation due to the changed circumstances which only came about after the original briefings had been filed, which *retroactively* made Defendant's arguments irrelevant. Just as Plaintiff was given another opportunity to seek to have the Court strike Mr. Schnell's report, so too does Defendant have an opportunity to respond based on the new circumstances.

Finally, Plaintiff argues generally that Mr. Schnell's opinions remain irrelevant because the "availability of 'cracked' versions has nothing to do with either copying or willfulness." Dkt. No. 270 at 7.

Defendant responds, arguing now that "Mr. Schnell's expert report is relevant to the issues of copying and willfulness." Dkt. No. 277 at 1. As to copying, Defendant asserts that "in the context of secondary considerations, CLO presumably wants to show that the copying evidence shows that its patented features are not obvious. But Mr. Schnell's analysis suggests otherwise. Mr. Schnell has provided analysis and opinions about the widespread availability of CLO's cracked software – it is both easy to find and free to access. As CLO has suggested on its own website, 'it is our users, including the ones that use cracked versions, that make us grow.'" *Id.* at 1-2 (quoting Dkt. 106-4 (Schnell Report) at 10-11). "This suggests," Defendant continues, "that the evidence that CLO is relying on, the widespread use of cracked versions of CLO's software, is explained not by an inference of non-obviousness but how easy it is to obtain – it is widely available and free to obtain." *Id.* at 2.

Defendant further argues that "CLO claims that 'copying' exists whether the versions of CLO's software that Defendant copied were unauthorized 'cracked' versions, or properly licensed

5

versions" (citing Dkt. 270 at 7), but that "this argument misses the point: Mr. Schnell's opinion and analysis is not focused on whether copying exists for both unauthorized cracked versions and properly licensed versions." *Id.* Instead, argues Defendant "Mr. Schnell has performed analysis on the widespread availability of CLO's software, as well as how quickly cracked versions became available after the official release of CLO's software" and that this "suggests that CLO may have tacitly approved, if not encouraged, the use of cracked versions of its software. It does not make sense to call use of a properly licensed version a 'copy' – that is simply permitted use. That does not show any intent to infringe."

As to willfulness, Defendant argues that "it is . . . important to consider how CLO's software was made available. Certainly, if CLO made its software widely available and invited others to use it free of charge, that is a different scenario from if CLO kept its software closely guarded and only released it to certain carefully-vetted customers." Dkt. No. 277. They assert that, because "willfulness depends on whether Defendant believed it had authorization to use CLO's software," "if CLO permitted, and potentially even tacitly encouraged, the use of cracked versions of its software, that is an altogether different scenario than if CLO implemented rigorous safeguards and closely guarded access to its software." *Id.* at 2-3.

With respect to copying, having reviewed the entirety of Mr. Schnell's report, the Court notes that Mr. Schnell does not actually offer an opinion in line with Defendant's arguments. Furthermore, none of Defendant's other experts rely on Mr. Schnell's report with respect to their own arguments on secondary considerations of non-obviousness. *See e.g.* Dkt. No. 108-2 (Grinspun Report) at ¶¶ 61-68 (opinions on secondary consideration). Consequently, Defendant's arguments that Mr. Schnell's report is relevant towards secondary indicia is without merit.

With respect to willfulness, the alleged use by Defendant of cracked versions of Plaintiff's software is a central component of Plaintiff's willful infringement case. Mr. Schnell's opinions about Plaintiff's alleged consent to, and possible encouragement of, use of cracked versions of its software are (1) based on his experience and his investigation (*See* Schnell Report at ¶¶ 27-30, 33-34); and (2) relevant towards willfulness because they allow for an inference that (for example) Defendant believed that it had Plaintiff's permission to do so.

Plaintiff's argument that Mr. Schnell never explicitly opines on willfulness is correct but unavailing. Mr. Schnell is not competent to opine on Defendant's subjective state of mind—he has neither the credentials nor experience to do so. Further, this is not something that is beyond the ken of the jury and, thus, such an opinion would improper as it would be unhelpful to the finder of fact. Despite this, Mr. Schnell *is* permitted to explore the underlying facts and render opinions on those facts provided it is within his expertise, which, based on a review of his report, they are.

Accordingly, provided Plaintiff opens the door by introducing evidence of Defendant's use of cracked versions of Plaintiff's software in support of arguments towards willfulness, then Defendant may rebut through Mr. Schnell. Therefore, the Motion to Strike is **DENIED**.

**SIGNED this 6th day of July, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE